**FILED
CLERK**

2/28/2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES ROME,

                    Plaintiff,

     -against-

METABO CORPORATION,

                   Defendant.
------------------------------------------------------------X

**ORDER**
16-CV-1747 (SJF)(AKT)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated January 19, 2017 ("the Report"), (a) recommending that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of plaintiff Charles Rome ("plaintiff") to prosecute it and to comply with court orders; and (b) advising the parties, *inter alia*, (i) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, [they] shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" (Report at 4) (emphasis omitted), and (ii) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal[,]" (*id.* at 5) (emphasis omitted) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Defendant Metabo Corporation ("defendant") served plaintiff with notice of entry of the Report by sending a copy thereof to him at his last known address via Federal Express priority overnight and first class mail on January 23, 2017. (*See* Docket Entry ["DE"] 29). Plaintiff has not filed any objections to the Report, nor sought an extension of time

1

to do so.  For the reasons stated herein, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I.  DISCUSSION

    A.  Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report."  *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice."  *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000).  "Such discretion is

exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

      B.     Review of Report

Since plaintiff has not filed any objections to Magistrate Judge Tomlinson's Report, nor sought an extension of time to do so, he has "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, this case is dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute and to comply with court orders.

II.     CONCLUSION

For the reasons set forth herein, Magistrate Judge Tomlinson's Report is accepted in its entirety and, for the reasons set forth therein, this case is dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute and to comply with court orders. The Clerk of the Court shall close this case and, pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, serve notice of entry of this order as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 28, 2017
 Central Islip, New York